IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BARRY FARMER,     )
             )
     Plaintiff,  )
             )
v.           )  CIVIL ACTION NO. 1:04CV751-F
             )  [WO]
DOTHAN CITY SCHOOLS, et al., )
             )
     Defendant. )

## ORDER ON MOTION

Upon consideration of the plaintiff's Motion to Compel Production of Documents, filed on 14 September 2005 (Doc. # 45-1), the defendant's response, filed on 15 September 2005 (Doc. # 46), and for good cause, it is

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that the moving party has made a reasonable good-faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules *must be*

***accompanied by a certification*** that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference[1] to facilitate a good faith effort to settle the dispute.

The court has observed this policy now for several years, and all attorneys who regularly practice before this court should be familiar with the policy and are expected to observe it.   ***The court does not regard a single letter or an exchange of written correspondence as sufficient to satisfy the requirements of the rule.***   There must be a verbal exchange of representations, and a motion to compel should be filed only after it is clear that (1) the non-moving party does not intend to provide the discovery (either with or without formal objections), or (2) the non-moving party will not respond to the moving party's reasonable efforts to communicate in person.

DONE this 29th day of September, 2005.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

---

[1]For lawyers who live in different cities, "in-person" includes telephone conferences.  The objective of the rule is to encourage lawyers to speak with each other, rather than write to each other.